Opinion of the court delivered by
Judge Whyte.
The *235 clause of the act upon which this indictment is founded, creates three different offences, for each of which the same punishment is inflicted. The first offence is, that, where any person shall knowingly have, keep, possess, hide, conceal or secrete such counterfeit bill or bills, note or notes, as were mentioned and described in the former part of the section. The second offence is, where any person shall aid, assist orbe concerned in aiding, keeping, possessing, hiding, concealing or secreting such bill or bills, note or notes, or any oí them. The third offence is, where any person who knowing the same to be had, kept, possessed, hid, concealed or secreted, and shall not discover the same, or his knowledge thereof, to some judge or Justice of the Peace, within one month after such fact or facts came to his knowledge, everj' such person so offending, shall be fined not less than fifty, nor more than five hundred dollars, and shall be publicly whipped with not less than ten, or more than thirty-nine lashes, and be imprisoned, not less than one, nor more than twelve months.
These three offences are not only separated by the structure of the clause, and distinguished from each other by the disjunctive, “or,” but are materially distinct, and differ from each other in their nature and in the acts which constitute them. The offences in the two first members ot the clause are of an active nature; that in the third and last, is of a passive nature. The offender under the statute, in the first case, is an active agent, he knowingly has possessed, kept, concealed &c. So in the second, he is active, but in a different manner, in the latter he knowingly aids,assists &c. But theoffender under the statute in the third case is passive, he does no act, he merely knows the facts in the two former cases; he moves not at all, and for his quiescence during the space of one month, he becomes a delinquent under the statute. In other words the offender in the first case is a principal agent, and incurs the punishment inflicted by the statute without reference to length of time. The offender in the second case,is an assistant to that principal agent; and incurs the *236 like punishment without regard to time. But the offert-der in the third case, for his inaction for one month, in not disclosing his knowledge, is punishable under thp statute.
From this view of the act of 1813, ch. 65, sec. 1, no error was committed by the circuit court, when he charged the jury, that it made no difference whether the defendant concealed the notes one hourpr pne month, and that such allegation in the indictment was unnecessary, and that proof to that point was equally unnecessary. The indictment in both counts, charged against the defendant, the offence alone contained in the last member of the clause, and we have shown that the time of one month does not apply to oflences created by this member of the section, pr enter into their constitution, and that the term of one month has its sole application to offences created by the third 3rid last member of the first section. Upon this ground there is no error.
But the circuit court erred in renderingjudgment upon the indictment against the defendant. The motion to arrest the judgment ought to have been sustained on account of the insufficiency of the indictment, in charging the offence. The indictment ought to have shown by averment, that the defendant was not within the first proviso of this clause; and the first count being .the one on which he was found guilty, ought to have averred, that the said Luke Matthews had not kept, possessed, hid, concealed or secreted the said counterfeit bank note, innocently, ignorantly, and without knowing its use and r.ar ture. This was a necessary averment to constitute the pffence, for,as was said in the argument, every fraudulent passing of a counterfeit bank note under the first clause of the section, which is felony without benefit of clergy in him who passes it, would also be an offence, under the first member of the last clause of the first section, in him to whom it was passed, as soon as he discovered the cheat and the imposition that was practiced upon him; for he then would be possessed of a counterfeit bank note, knowing it to be such, but this possession by the proviso would. *237 be an ignorant and innocent possession, as in point of fact it is; and hence the necessity of the averment of its nonexistence in the indictment to constitute the offence.
The law on this point is laid down in 1 Chitty’s criminal law 233-4, thus:(íwhen a statute contains provisoes and exceptions in distinct clauses, it is not necessary to state in the indictment that the defendant does not come within the exceptions, or to negative the provisoes it contains. But on the contrary if the exceptions themselves are stated in the enacting clause, it will be necessary to negative thepi in order that the description of the crime, may in all respects correspond with the statute. Thus, in an indictment upon the first section of the statute, 8 and 9 William 3, ch. 26, for keeping a press for counterfeiting,or other crimes thereby created, all the exceptions by which under that clause, the possession might be lawful, or the defendant in any way derive authority to exculpate him, .must be expressly negativedand 1 East Cr. Law 167, is to the same effect. So also is the case of Spiers v. Parker, (1 T. Rep. 144. Lord Mansfield in delivering his judgment in that case says, í‘it isa settled distinction betw'een a proviso in the description of an offence, and a subsequent exemption from the penalty under certain circumstances; if the former, the plaintiff must (as in actions on the game laws,) aver a case which brings the defendant within the act, therefore' he must negative the exceptions in fhe enacting clause.”
The judgment of the circuit court must be reversed.
Judgment reversed accordingly.